ARTHUR M. BARTLETT V. JOSEPH M. ROBINSON.

FILED NOVEMBER 18, 1897.   No. 8628.

1. **Landlord and Tenant: ACTION FOR RENT: DEFENSE.** · In an action for rent it is sufficient to show a contract with plaintiff and a holding under him. Plaintiff's title or right of possession is immaterial.

2. ———: ———: ———. To an action for rent upon a lease at will it is no defense to show that defendant was prevented from terminating the lease by legal proceedings to which plaintiff was not a party.

ERROR from the district court of Dawes county. Tried below before BARTOW, J. *Affirmed.*

*Allen G. Fisher*, for ·plaintiff in error.

·*Albert W. Crites, contra.*

IRVINE, C.

This was an action for rent by Robinson against Bartlett. The former recovered judgment, and the case is submitted to this court on agreed printed abstracts. The first question presented is whether the petition states a cause of action. It alleges that on the 9th day of March, 1895, plaintiff by oral agreement leased to defendant certain premises for a term beginning on said day, defendant promising to pay therefor the sum of $20 per week; that on said day, under said contract, defendant took possession and remained in possession until July 6, a period of seventeen weeks, whereby he became indebted to plaintiff in the sum of $340, all of which remains unpaid and for which plaintiff prays judgment. The argument against the sufficiency of this petition is that it was incumbent upon the plaintiff to allege either that defendant received possession from the plaintiff or that it was plaintiff's land. We think the averments were sufficient. The action was on a

lease for the rent reserved. It was averred that the lease had been made, and that the defendant took possession "under such contract." This being so the relationship of landlord and tenant arose and it was immaterial whether or not the plaintiff had title or even right of possession.

It is next urged that the plaintiff failed to show, by proof, a right to recover. The testimony on behalf of the plaintiff tended to show that prior to the making of the lease the premises had been in the possession of a receiver, who had leased the same to defendant, or at least that defendant had been occupying them. The defendant was sheriff and he had levied one or more writs on certain goods. His occupancy was by storing the goods on the premises. On the 9th of March, 1895, the receiver delivered at least constructive possession to plaintiff's agent, who then told the sheriff he must rent of plaintiff and pay rent to him or vacate the premises, and further, that plaintiff would not look to suitors for whom the sheriff was acting, but must have his personal promise to pay, and that defendant thereafter promised and agreed to pay rent at the rate alleged in the petition, and held possession until July 6. As we understand the position of defendant, it is that the proof failed because it showed that defendant had entered under a receiver and did not show any order of court terminating the receiver's authority. This would be immaterial under the other evidence. If the receiver surrendered to the plaintiff and the receiver's tenant attorned to the plaintiff, as the evidence tends to show that he did, the rightfulness of the receiver's acts or of plaintiff's possession or claim to the property is not involved. The defendant became plaintiff's tenant and is estopped to deny his title.

The remaining assignments go to the rulings on the evidence. Many of these are governed by the same considerations as the points already decided, and as the rulings were in accordance with the principles already

stated they will not be further noticed. The defendant offered in evidence a record for the purpose of showing that he had been enjoined by a stranger from removing the goods. This seems to have been offered on the theory that if defendant was so prevented from surrendering the premises, he was no longer liable for rent, the remedy being against the party so interfering. The nature of the injunction does not more fully appear, but it was not claimed that the plaintiff was a party to the proceedings, and the court could not have erred in excluding the record. If the injunction was rightly allowed, its tendency would be to show that it was defendant's duty to remain in possession and so could hardly avail him here. If it was wrongfully allowed, it would not affect the contract of plaintiff, who was not a party thereto, although in that case defendant would be indemnified by the bond in the injunction case against ultimate loss by reason of his enforced continued liability to plaintiff. No error is disclosed by the record and the judgment is

AFFIRMED.